UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DONALD ADAMS,

   *Plaintiff*,

v().                                                       Case No. 5:24-CV-01303-JKP

SETON FAMILY OF DOCTORS,

   *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Seton Family of Doctors' ("Seton") Motion for Summary Judgment, (*ECF No. 17*). Plaintiff Donald Adams filed a Response, (*ECF No. 20*), to which Seton filed a Reply, (*ECF No. 21*). Upon consideration, Seton's Motion for Summary Judgment, (*ECF No. 17*), shall be granted.

### BACKGROUND

This case arises out of Plaintiff Donald Adams' ("Adams") allegations of discrimination against Defendant Seton Family of Doctors ("Seton"). *See, generally, ECF No. 1*. Adams is a Physician's Assistant previously employed by Seton. *Id. at 1*. In his Complaint, Adams asserts one cause of action against Seton for discrimination pursuant to Title VII of the Civil Rights Act of 1964. *Id. at 2–3*.

Seton now moves for summary judgment on Adams' cause of action, arguing Adams filed this case ninety-two (92) days after receiving his Dismissal of Charge and Notice of Rights Letter from the Equal Employment Opportunity Commission ("EEOC"). *ECF No. 17 at 1–2*. In Response, Adams objects to evidence and counters his cause of action is entitled to equitable tolling. *ECF No. 20 at 3*.

**LEGAL STANDARD**

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex,* 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994). To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., LLC v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586–87; *see also* Fed. R. Civ. P. 56(a). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)). Further, should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, then the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music, Inc. v. Bentley*, 5:16-CV-00394, 2017 WL 782932 at *2 (W.D. Tex. Feb. 28, 2017).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citations omitted).

**ANALYSIS**

Seton now moves for summary judgment on Adams' cause of action, arguing Adams filed this case ninety-two (92) days after receiving his Notice of Rights Letter from the Equal Employment Opportunity Commission ("EEOC"). *ECF No. 17 at 1–2*. In Response, Adams objects to evidence and counters his cause of action is entitled to equitable tolling. *ECF No. 20 at 3*.

**I.   Challenge to Evidence**

Before considering the substance of Seton's Motion for Summary Judgment, the Court will consider Adams' contention that the "list of downloads" contained in the Certified Charge File from the EEOC, provided by Seton, "is based on hearsay." *ECF No. 20 at 2*.

As explained by a sister district court:

> [T]he Fifth Circuit has made clear that unsworn contents of an EEOC's investigation file do not meet the requirements of Rule 56(c). *Cruz v. Aramark Servs., Inc.*, 213 F. App'x 329, 332-33 (5th Cir. 2007) ("[W]hile the EEOC report may fall within the business records hearsay exception, the same cannot be said of the entire EEOC file. The business records hearsay exception applies to the EEOC's report and determination, but it does not apply to the underlying material collected during the EEOC investigation."). In addition, documents in the EEOC file are not admissible absent an independent hearsay exception. Fed. R. Evid. 803(8)(A)(iii) (delineating a hearsay exception for the "factual findings from a legally authorized investigation"); *McClure v. Mexia Indep. Sch. Dist.*, 750 F.2d 396, 400 (5th Cir. 1985) ("EEOC determinations and findings of fact, although not binding on the trier of fact, are admissible as evidence in civil proceedings . . . However, neither under the [circuit] precedents nor under Rule [803(8)(A)(iii)] is the entire EEOC file admissible"); *see also Aramark Servs., Inc.*, 213 F. App'x at 332 (requiring that inadmissible EEOC statements and documents satisfy a hearsay exception).

*Lumar v. Monsanto Co.,* 395 F. Supp. 3d 762 (E.D. La. 2019), *aff'd,* 795 Fed. Appx. 293 (5th Cir. 2020) (unpublished).

Despite Adams' argument to the contrary, the Court finds the "list of downloads" falls under the business record exception to the hearsay rule. *See* Fed. R. Evid. 803(6); *e.g., Johnson v. Healthy Reasons Inc.*, No. 1:22-CV-03068, 2024 WL 3914836, at *6 n.3 (N.D. Ga. Feb. 15, 2024), *R. & R. adopted*, No. 1:22-CV-03068, 2024 WL 3914833 (N.D. Ga. June 17, 2024). Fed-

4

eral Rule of Evidence 803(8) provides that "a record or statement of a public office" is not excluded as hearsay if it sets out (1) the office's activities; (2) a matter observed while under a legal duty to report; or (3) in a civil case, factual findings from a legally authorized investigation, and the opponent does not show that the source of the information or other circumstances indicate a lack of trustworthiness."

Here, the "list of downloads" is accompanied by a sworn EEOC business record certification from Norma J. Guzman, legal custodian of the original file, which states: "The attached pages are true and correct copies of documents contained in the U.S. Equal Employment Opportunity Commission (EEOC) original investigative file of EEOC Charge No.: 451-2023-03352, Donald Adams v. Seton Medical Center Hays. This charge file is a government document that is maintained in the ordinary course of the government's operation of investigation and enforcement of claims of employment discrimination." *ECF No. 17-2 at 5*.[2] The Court notes other courts have admitted similar records where, as here, they are obtained through Freedom of Information Act ("FOIA") requests. *ECF No. 17-2 at 2*; *see, e.g.*, *Geraty v. Village of Antioch*, No. 09 C 6992, 2015 WL 127917, at *7 (N.D. Ill. Jan. 8, 2015) (admitting personnel roster maintained by the Office of the Illinois State Fire Marshal that plaintiff obtained through FOIA under hearsay exception for public records, Fed. R. Evid. 803(8), and as properly authenticated, *see* Fed. R. Evid. 901(b)(7)).

Accordingly, the Court finds the "list of downloads" falls under the business record exception to the hearsay rule because it is accompanied by a sworn EEOC business record certifi-

---

[2] *See Gonzales v. Pan American Lab'ys, L.L.C.*, No. 3:14-CV-02787, 2017 WL 4758672, at *4 (N.D. Tex. Oct. 20, 2017) (finding an EEOC document "falls under the business record exception to the hearsay rule because it is accompanied by a sworn EEOC business record certification, which states: 'The attached pages are true and correct copies from the U.S. Equal Opportunity Commission (EEOC) file of Charge No.: 451-2013-03105, Christopher Gonzales v. Pan American Laboratories, LLC/PAMLAB, LLC. This charge file is a government document that is kept by the EEOC in the ordinary course of business.'").

cation. The Court also notes while Adams challenges the "list of downloads," confusingly, he cites to this evidence in his Response for support of his equitable tolling argument. *ECF No. 20 at 3*.

II.   **Equitable Tolling**

Before pursuing an employer in federal court, an employment-discrimination plaintiff must timely file with the EEOC a charge of discrimination, then await notice of the agency's final determination. 42 U.S.C. § 2000e-5(e)(1) (timing for filing a charge of discrimination); *id.* § 2000e-5(f)(1) (notification of agency determination); 29 C.F.R. § 1601.19 (no-cause determinations). Once that notice is given, a plaintiff has 90 days to initiate suit against their employer. 42 U.S.C. § 2000e-5(f)(1). This 90-day period is strictly construed and operates like a statute of limitations, rendering it susceptible to equitable tolling. *Id.*; *Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1248 n.1 (5th Cir. 1985) (noting equitable tolling applies to 90-day period); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (discussing strict construction of 90-day statutory period).

On August 14, 2024, the EEOC issued its Dismissal of Charge and Notice of Rights Letter ("Notice"), which Adams attached to his Complaint. *ECF No. 17-2 at 45–46; ECF No. 1-2*. The Notice states: "If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document." *ECF No. 17-2 at 45; ECF No. 1-2 at 1* (emphasis in original). The EEOC uploaded the Notice to the EEOC's online public portal[3] the same day and notified Adams via

---

[3] The EEOC's Public Portal is designed for claimants like Smith to file charges of discrimination and to submit and receive documents and messages from the agency about their charges. EEOC Public Portal, https://www.eeoc.gov/eeoc-public-portal (last visited October 17, 2025). *Smith v. Texas Children's Hosp., Inc.*, No. 24-20389, 2025 WL 1325303, at *1 n.5 (5th Cir. May 7, 2025).

email that a new document was available to download. *ECF No. 17-2 at 6–8*. The "list of downloads" from the EEOC's online public portal, as discussed, indicates Adams downloaded the right-to-sue letter the same day, August 14, 2024. *ECF No. 17-2 at 6*.

In this regard, Adams states he "was unsuccessful at his first attempts made over a four-minute period. He tried to download four separate documents. His downloads [may] or may not have been provided." *ECF No. 20 at* 2. Adams provides no other argument, details, or evidence as to whether he received the Notice on any other date besides August 14, 2024. *See, ECF No. 20*. Regardless, it is undisputed Adams waited ninety-two (92) days from August 14, 2024,— until November 14, 2024—to file suit. *See ECF No. 1*.

For this reason, Adams argues equitable tolling is warranted. Specifically, he argues equitable tolling is warranted because he "was assigned out the country from September 3, 2024, to October 31, 2024, on a classified mission with a government agency." *ECF No. 20 at 3*.

"The doctrine of equitable tolling preserves a plaintiff's claim when strict application of the statute of limitations would be inequitable." *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995). "As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Instead, the Court must "draw on general principles to guide when equitable tolling is appropriate." *Id.* "The party who invokes equitable tolling bears the burden of demonstrating that it applies in his [or her] case." *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 880 (5th Cir. 2003). The United States Supreme Court has identified several circumstances in which equitable tolling of the 90-day period might be justified:

> (1) where notice from the EEOC does not adequately inform plaintiff of the requirement that suit be commenced within the statutory period; (2) where a motion for appointment of counsel is pending; (3) where the court itself has led plaintiff to

7

>believe that she has satisfied all statutory prerequisites to suit; and (4) where the defendant has, through affirmative misconduct, lulled the plaintiff into inaction.

*Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1251 (5th Cir. 1985) (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)). While the Fifth Circuit has never suggested that these circumstances are exhaustive, it has repeated the Supreme Court's admonition that "[e]quitable tolling is to be applied 'sparingly.'" *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)).

Here, the Court disagrees with Adams that the equities demand tolling in this case. Notably, while Adams states "there's ample evidence that fortuitous circumstances prevented Adams from timely filing suit during the 90 days that remained once he possibly gained access to the portal and returned to the United States," Adams provides no evidence of any fortuitous circumstances. *See ECF No. 20 at 3*. By the Court's calculations, Adams had twenty (20) days from August 14, 2024, when the EEOC issued the Notice, to September 3, 2024, before his purported travel began, to file his Complaint. Adams also had twelve (12) days from October 31, 2024, when his purported travel ended, to November 12, 2024, to file his Complaint. Adams provides little explanation for his failure to file suit within these periods. *See ECF No 20 at 3* ("Plaintiff was attending training prior to his deployment.").

Adams has also made no showing that he was misled by the court, the EEOC or the defendant, or that he took any action within the ninety-day period to commence his lawsuit. Due to this, "[c]learly, he is not entitled to equitable tolling."[4]

---

[4] *Espinoza v. Missouri P. R. Co.*, 754 F.2d 1247, 1251 (5th Cir. 1985) ("Apparently, Espinoza's position is that, simply because he was out of town when notice arrived at his home, the equities demand tolling. We heartily disagree. Espinoza has not alleged that fortuitous circumstances beyond his control prevented him from learning of his right to sue. In fact, he has offered absolutely no explanation for his failure to file suit within the eighty-two day period that remained following his return home. Clearly, he has not even come close to the kind of showing required to invoke the doctrine of equitable tolling."); *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."); *Cruce v.*

To the extent Adams argues the Court "should adopt the recent Texas Supreme Court standard between actual knowledge and receiving notice," the Court notes the case Adams cites, *Red Bluff, LLC v. Tarpley*, 713 S.W.3d 412 (Tex. 2025), concerns premises liability and negligence. *ECF No. 20 at 2*. Adams wholly fails to connect the facts at issue in *Red Bluff* to this cause of action against Seton for discrimination pursuant to Title VII of the Civil Rights Act of 1964.

Finally, the Court notes the Fifth Circuit has declined to apply equitable tolling for claims filed two days late, even by *pro se* litigants, when no concealment or misleading is involved. *See e.g., Espinoza*, 754 F.2d at 1249; *Bowers v. Potter*, 113 F. App'x 610, 614 (5th Cir. 2004) (per curiam) (*pro se* litigant filed two days late); *Smith v. Jackson Pub. Sch. Dist.*, 121 F.3d 705 (5th Cir. 1997) (per curiam) (*pro se* litigant filed two days late). Here, Adams does not proceed *pro se*.

Accordingly, the Court finds Adams did not file this case in a timely manner, and he has not demonstrated this case is subject to equitable tolling. Therefore, the Court will dismiss Adams' cause of action as time-barred. *E.g.*, *Smith v. Texas Children's Hosp., Inc.,* No. 24-20389, 2025 WL 1325303 (5th Cir. May 7, 2025) (unpublished) (affirming dismissal where EEOC charge file and portal access log showed plaintiff downloaded the notice of the right-to-sue letter ninety-one (91) days before plaintiff filed suit).

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Seton's Motion for Summary Judgment, (*ECF No. 17*). The Court will simultaneously issue its Final Judgment. The Court **DIRECTS** the Clerk of Court to terminate this case.

---

*Brazosport Independent School Dist.,* 703 F.2d 862, 864 (5th Cir. 1983); *Hibbard v. Don Love, Inc.,* 584 F.Supp. 2, 3 (S.D. Tex. 1984) (fact that plaintiff was moving during the ninety-day period does not justify tolling)).

It is so ORDERED.
SIGNED this 22nd day of October, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE